**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**Case No. 8:04-cv-2561-T-24 EAJ**

| | |
|---|---|
| DAVIDCO INVESTORS, LLC, individually and on behalf of all others similarly situated, <br><br>　　　　　　　　　Plaintiffs, <br><br>v. <br><br>ANCHOR GLASS CONTAINER CORPORATION (named herein as a nominal defendant only), DARRIN CAMPBELL, RICHARD M. DENEAU, PETER T. RENO, CERBERUS CAPITAL MANAGEMENT, L.P., CERBERUS INTERNATIONAL, LTD., CERBERUS INSTITUTIONAL PARTNERS, L.P., CERBERUS INSTITUTIONAL PARTNERS (AMERICA), L.P., and STEPHEN A. FEINBERG, <br><br>　　　　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PRELIMINARY ORDER IN CONNECTION WITH**
**SETTLEMENT PROCEEDINGS**

WHEREAS, Plaintiffs filed a class action before the Court entitled *Davidco Investors, LLC v. Anchor Glass Container Corp., et al.*, Case No. 8:04-cv-2561-T-24 EAJ; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of November 15, 2006 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set

forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement, a Class consisting of all Persons who purchased the common stock of Anchor Glass Container Corporation ("Anchor Glass") between September 25, 2003 through and including November 4, 2004, inclusive, excluding the Defendants, any partners, officers, directors, or affiliates of any Defendant, members of the Defendants' immediate families, any entity in which a Defendant has a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded party.

2. With respect to the class, this Court finds and concludes that: (a) the members of the class are so numerous that joinder of all class members in the Litigation is impracticable; (b) there are questions of law and fact common to the class which predominate over any individual questions; (c) the claims of Lead Plaintiff Theodore Zeller and additional plaintiff Mary Wearstler (together "Plaintiffs") are typical of the claims of the class; (d) Plaintiffs and Plaintiffs' Lead Counsel have fairly and adequately represented and protected the interests of all of the class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (I) the interests of the members of the class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the class, (iii) the desirability or undesirability of

continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

3. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, as within the range of possible approval, subject to further consideration and final approval at the Settlement Hearing described below.

4. The Court approves, as to form and content, the "Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund" (the "Notice"), the "Proof of Claim and Release" (the "Proof of Claim"), and the "Summary Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing" (the "Publication Notice") annexed as Exhibits A-1, A-2 and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Publication Notice substantially in the manner and form set forth in ¶¶6-7 of this Order will meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. A hearing (the "Settlement Hearing") shall be held before this Court on **Friday, March 16, 2007 at 8:30 a.m.** at the United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida 33602, in Courtroom 14A , to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Settling Parties and the Class and should be approved by the Court; whether a Judgment as provided in ¶1.14 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Lead

Counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

6. The Court appoints Vianale & Vianale LLP to act as escrow agent for the Settlement Fund ("escrow agent"), pursuant to the terms agreed to in the Stipulation.

7. The Court appoints Gilardi & Co. LLC, P.O. Box 5100, Larkspur, CA 94977-5100 to act as claims administrator for the Settlement Fund ("Claims Administrator") and to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

   a. Not later than 30 days from the date of this Order (the "Notice Date"), Plaintiffs' Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to those Class Members who can be identified by lead plaintiff with reasonable effort from Anchor Glass's transfer records, which Defendants shall use all reasonable efforts to provide to Plaintiffs' Lead Counsel;

   b. Within ten days after the Notice Date, Lead Counsel shall cause the Publication Notice to be published in substantially the form attached as Exhibit A-3 hereto, once in the national edition of <u>Investors Business Daily</u>; and one time over the internet via *Business Wire* or *PRNewswire*; and

   c. At least fourteen (14) days prior to the Settlement Hearing, Plaintiffs' Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Brokers and other nominees who purchased common stock of Anchor Glass Container Corporation ("Anchor Glass") for the benefit of another ("the beneficial owners")

between September 25, 2003 through and including November 4, 2004 (the "Class Period"), shall send the Notice and the Proof of Claim to the beneficial owners of such Anchor Glass stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Any such nominee that elects to mail Proofs of Claim directly to the beneficial owners of Anchor Glass stock shall mail to the Claims Administrator a statement confirming that such a mailing was made and stating the number of Proofs of Claim mailed. If requested, Plaintiffs' Lead Counsel shall, through the Claims Administrator, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9. All members of the Class who do not submit a valid request for exclusion in accordance with ¶13 below, shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

10. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be postmarked no later than one hundred and twenty (120) days from the Notice Date (or the first business day thereafter if the 120th day falls on a weekend day or national holiday), or such other date thereafter as may be approved by the Court. Any Class Member who does not timely submit a Proof of Claim and

Release Form (or request for exclusion) shall not only be barred from sharing in distribution of the proceeds of the Settlement Fund, but shall also be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class, unless otherwise ordered by the Court.

11. Any member of the Class may enter an appearance in the Litigation, individually or through counsel of their own choice, at their own expense. If they do not enter an appearance, they will be represented by Plaintiffs' Lead Counsel.

12. Pending final determination of whether the settlement should be approved, neither the Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

13. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than fourteen (14) days prior to the date of the Settlement Hearing. A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) a list of the Person's purchases and sales of Anchor Glass common stock during the Class Period, including the dates, the number of shares, and the price paid or received per share for each such purchase or sale; and (c) that the Person wishes to be excluded from the Anchor Glass Securities Litigation Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

14. Any member of the Class may appear at the Settlement Hearing and show cause (if he, she or it has any) (1) why the proposed settlement of the Litigation should or should not be approved as fair, just, reasonable and adequate; (2) why a judgment should or should not be entered thereon; (3) why the Plan of Allocation should or should not be approved; or (4) why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Lead Counsel. However, no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs' Lead Counsel, unless that Person has: (a) mailed their written objections and copies of all papers and briefs in support of same, postmarked no later than fourteen (14) days prior to the date of the Settlement Hearing to the following: Julie Vianale, Esq., Vianale & Vianale LLP, 2499 Glades Road, Suite 112, Boca Raton , Florida 33431; Jack Reise, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 120 East Palmetto Park Road, Suite 500, Boca Raton, Florida 33432; and Sheila Sadighi, Esq., Lowenstein Sandler PC, 65 Livingston Ave., Roseland, New Jersey 07068 ; and (b) filed said written objections, papers and briefs with the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida 33602, no later than fourteen (14) days prior to the Settlement Hearing. Any member of the Class who does not present his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Judgment, to the Plan of Allocation, and/or to the award of attorneys' fees and reimbursement of expenses to counsel for the Plaintiffs, unless otherwise ordered by the Court.

15. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class Member or Plaintiffs' Lead Counsel shall have any right to any portion of, or interest in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. All papers in support of the settlement, the Plan of Allocation, any application by counsel for the plaintiffs for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

18. Neither the Defendants nor Defendants' Counsel shall have any responsibility for the Plan of Allocation, any application for attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

20. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs

nor any of Plaintiffs' Lead Counsel shall have any obligation to repay to Defendants or the Insurer any amounts beyond those set forth in the Stipulation.

21. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as: (1) an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind; or (2) an admission or concession by Plaintiffs and/or the Class of any infirmity in the claims asserted in the Litigation.

22. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and it retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of November, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record