# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

_____

DAVIDCO INVESTORS, LLC,         )
individually and on behalf of       )
all others similarly situated,        )
                                   )
                  Plaintiffs,   )
                                   )
v.                                 )     **Case No. 8:04-cv-2561-T-24 EAJ**
                                 )
ANCHOR GLASS CONTAINER     )
CORPORATION (named herein as a  )
nominal defendant only), DARRIN  )
CAMPBELL, RICHARD M. DENEAU, )
PETER T. RENO, CERBERUS CAPITAL )
MANAGEMENT, L.P., CERBERUS    )
INTERNATIONAL, LTD., CERBERUS  )
INSTITUTIONAL PARTNERS, L.P.,   )
CERBERUS INSTITUTIONAL       )
PARTNERS (AMERICA), L.P., and    )
STEPHEN A. FEINBERG,        )
                                 )
                 Defendants.  )
_____)

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for a fairness hearing on March 16, 2007 pursuant to an

Order of this Court.  (Doc. No. 170).  Before the Court are two motions: (1) Plaintiffs' Motion for

Final Approval of Class Action Settlement (Doc. No. 172), and (2) Plaintiffs' Lead Counsel's

Motion for an Award of Attorneys' Fees and Expenses (Doc. No. 173).  The parties filed the

Stipulation of Settlement (the "Stipulation") for the Court's review.  (Doc. No. 166).  Due and

adequate notice of the settlement having been given as required in said Order, and the Court having

considered all papers filed and proceedings had herein and otherwise being fully informed in the

premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND

DECREED that Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. No. 172) and Plaintiffs' Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses (Doc. No. 173) are **GRANTED** as follows:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies a Class for the purposes of this Settlement. The Class is defined as all Persons who purchased the common stock of Anchor Glass Container Corporation ("Anchor Glass") between September 25, 2003 and November 4, 2004, inclusive, except those who have filed a valid request to be excluded from the Class and excluding the Defendants, any partners, officers, directors, or affiliates of any Defendant, members of any Defendant's immediate family, any entity in which a Defendant has a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded party.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation, and the Exhibits thereto, and approves the Plan of Allocation set forth in the Notice,  and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, Plaintiffs, the Class and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, the Class Members and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby

approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5.      The Litigation as well as all of the Released Claims and Released Defendants' Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.      Upon the Effective Date hereof, and in consideration of (a) Defendants' agreement to pay (or have their insurance companies pay) the amount of $ 5,500,000.00 (the "Cash Settlement Amount"), and (b) Defendants' and their Related Parties' release of Defendants' Released Claims, as set forth in the Settlement, Plaintiffs and each Class Member (and their Related Parties, as defined in the Stipulation) shall be deemed to have, and by operation of the Judgment shall have: (1) fully, finally, and forever released, relinquished and discharged all Released Claims against Defendants, and each of them, and each of their Related Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release and (2) agreed to refrain from instituting, commencing, prosecuting, or cooperating with, either directly or indirectly, representatively, or in any other capacity, any and all Released Claims.

7.      All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Defendants and their Related Parties.

8.      Upon the Effective Date hereof, and in consideration of the releases to be provided by Plaintiffs, the Class, and all members thereof, Defendants, and each of them (and their Related Parties as defined in the Stipulation), shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Plaintiffs, Class Members, Plaintiffs' Lead Counsel, and each of them, and each of those parties'

Related Parties from all Released Defendants' Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

9.      The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation and the Final Approval Hearing thereon, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10.      The Court hereby approves the Plan of Allocation as set forth in the Notice distributed to the Class.

11.      Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Plaintiffs and the Class, the sufficiency or deficiency of any defense that has been or could have been asserted in the litigation, or of any alleged wrongdoing, liability, negligence, fault of the Defendants and their Related Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of the Defendants, or any of their Related Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other

tribunal; (c) is or may be deemed to be or shall be used, offered or received against the Defendants, Plaintiffs and the Class, their Related Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Litigation, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation; (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Settling Parties and their Related Parties, or each or any of them, that any of the Plaintiffs' claims are with or without merit, that damages recoverable under the Plaintiffs' operative complaint would have been greater or less than the Cash Settlement Amount or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial. Any of the Settling Parties or any of their Related Parties may file this Stipulation and/or the Final Order and Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of <u>res judicata</u>, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

13.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14.     Plaintiffs' Lead Counsel are awarded fees in the amount of 30% of the Settlement Fund, plus reimbursement of expenses in the amount of $46,155.01, plus interest to the same extent that interest has been earned on the Settlement Fund, both to be paid from the Settlement Fund pursuant to the terms of the Stipulation.  Plaintiffs' Lead Counsel shall thereafter allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Litigation.

15.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.     The Clerk is directed to close this case.

IT IS SO ORDERED this 16th day of March, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record